09-1808-ag
Chen v. Holder

BIA
Sichel, IJ
A099 025 278

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:

>      JOHN M. WALKER, JR.,
>      ROBERT A. KATZMANN,
>      GERARD E. LYNCH,
>           *Circuit Judges.*

_____

QIN CHEN,
           *Petitioner*,

           v.                              09-1808-ag
                                           NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
           *Respondent*.

_____

FOR PETITIONER:        Yimin Chen, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Qin Chen, a native and citizen of the People's Republic of China, seeks review of an April 1, 2009 order of the BIA, affirming the June 12, 2007 decision of Immigration Judge ("IJ") Helen Sichel denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Chen*, No. A099 025 278 (B.I.A. Apr. 1, 2009), *aff'g* No. A099 025 278 (Immig. Ct. N.Y. City, June 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen claimed before the IJ that he had a well-founded fear of persecution based on his opposition to China's family planning policy. The IJ rejected that claim, making alternate findings that: (1) Chen was not credible; and (2) even if he were credible, he failed to meet his burden of proof. Before this Court, Chen fails to challenge the latter finding, arguing only that the IJ's credibility finding was erroneous. Because we conclude that addressing the IJ's alternative burden finding is not necessary to avoid manifest injustice, we deem any challenge to that finding waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005. That waiver is fatal to Chen's family planning claim. *See* 8 U.S.C. § 1101(a)(42); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

To the extent Chen claims that he is eligible for

3

asylum and withholding of removal based on his illegal departure from China, he failed to exhaust that argument before the BIA. Because the Government has raised the failure to exhaust in its brief to this Court, we decline to transfer the claims insofar as they are based on his illegal departure from China. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir. 2007).

Chen also failed to exhaust before the BIA his argument that he was eligible for CAT relief on the basis of his illegal departure. As that was the only basis for his CAT claim before the IJ, we are without jurisdiction to consider Chen's arguments regarding CAT relief. 8 U.S.C. § 1252(a)(2)(D); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

Finally, because Chen fails to sufficiently challenge the agency's denial of his motion to remand, we deem any such argument waived. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed

4

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk